**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-488 PA (PLAx) | Date | February 12, 2010 |
|---|---|---|---|
| Title | Debra Collins v. Matrixx Initiatives, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before this Court is a Notice of Removal filed by defendants Matrixx Initiatives, Inc. and Zicam, LLC (collectively "Defendants") on January 22, 2010. (Docket No. 1.) Defendants assert that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

The Notice of Removal claims that plaintiff Debra Collins ("Plaintiff") is a citizen of California, and cites the Complaint as support. (Notice of Removal ¶ 5.) The Complaint, however, does not allege Plaintiff's citizenship or domicile. Instead, the Complaint merely states that Plaintiff, "at all times relevant . . . was a resident of Los Angeles County, California." Complaint, ¶ 1. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir.

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-488 PA (PLAx) | Date | February 12, 2010 |
|---|---|---|---|
| Title | Debra Collins v. Matrixx Initiatives, Inc., et al. | | |

2001); Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). Because the complaint merely alleges Plaintiff's residence, Defendants' allegation of Plaintiff's citizenship is insufficient to invoke this Court's diversity jurisdiction.

Furthermore, Defendants have not met their burden to establish that the amount in controversy exceeds $75,000. When an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Here the Complaint seeks unspecified damages for Plaintiff's medical expenses, physical pain and suffering, mental anguish and emotional distress, physical impairment, lost wages, and punitive damages. Because the amount in controversy is not facially apparent from the Complaint, Defendants must provide some evidence showing that the amount exceeds $75,000. However, Defendants merely note that Plaintiff alleges to have lost her senses of smell and taste, list the types of damages sought, and conclude that it is facially apparent that the amount is greater than $75,000. Defendants have not provided any evidence which would support this conclusion, such as Plaintiff's medical bills, or proof of her wages.[1/]

Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship or the amount in controversy, Defendants have not met their burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly this Court remands this action to Los Angeles County Superior Court, Case No. BC 426969 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[1/] Defendants cite to a case where the Fifth Circuit held that it was facially apparent that the amount in controversy exceeded $75,000 when the complaint alleged similar unspecified damages. See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). However, such authority is not binding on this Court.

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-488 PA (PLAx) | Date | February 12, 2010 |
|---|---|---|---|
| Title | Debra Collins v. Matrixx Initiatives, Inc., et al. | | |